```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 00-6102-Civ-HURLEY
                                    MAGISTRATE JUDGE SORRENTINO
JEFFREY JONES,                  :

        Plaintiff,              :

v.                              :       REPORT OF
                                         MAGISTRATE JUDGE
OFFICER MONICO,                 :

        Defendants.             :
```

FILED by __ D.C.
MAG. SEC.

JUL 1 4 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was signed into law, modifying the requirements for proceeding *in forma pauperis* in federal courts. Under the April 26, 1996 enactments, 28 U.S.C. §1915 was amended. As amended, it reads in pertinent part, as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> \* \* \*
>
> (B) the action or appeal --
>
> \* \* \*
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.



In this case, the plaintiff, Jeffrey Jones, who was committed to the Florida Department of Corrections and confined at Mayo Correctional Institution when this case was opened, but is no longer incarcerated, has filed a a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 (DE# 1) and a supplement thereto (DE# 2), for damages against Officer Monico of the Ft. Lauderdale Police Department.

The gravamen of Jones' complaint, as supplemented, is that after he was arrested on December 25, 1997, and taken to jail, he remained jailed and incarcerated for nine months, until the charge on which he was arrested was reduced, and finally nolle prossed.

An action brought under Title 42 U.S.C. §1983 requires the deprivation of a federally protected right by a person acting under color of state law. See: 42 U.S.C. §1983; Golden State Transit Corp. v. City of Los Angeles, 493 U.S. (1989); Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). It is well settled that bare, conclusory allegations are not enough, and that a complaint which does not state a claim sufficient in context to affirmatively indicate that the plaintiff is entitled to relief cannot withstand a motion to dismiss. Fullman v. Graddick, 739 F.2d 553, 556-57 (11 Cir. 1984).

Jones alleges that while on parole he was arrested on December 25, 1997 for strong armed robbery. In the complaint he states that "Officer Monico and the victim arrested me." (DE# 1, p. 5). Jones

2

complains that he was confined until September 4, 1998, when his parole was reinstated, after the charges were nolle prossed by the State Attorney. (DE# 1, p. 5; DE# 2, p. 1). The December 25, 1997 offense apparently also resulted in a finding of guilt in a parole revocation proceeding, because the plaintiff alleges that he was released from the South Florida Reception Center ("SFRC"), a Florida DOC facility, on September 4, 1994.

Jones alleges that the strong armed robbery charge was first reduced to robbery, then was reduced from robbery to battery, and finally was nolle prossed on September 4, 1998, when he was released on "EMCY" and his parole was reinstated. (DE# 2, p. 1). He alleges that the victim, V. Donkle, and Officer Monico failed to show up for Court appearances.

Jones states that he "did nothing wrong" (DE# 1 p. 6), and therefore appears to allege that he is innocent of having committed an offense in the incident which resulted in his arrest on December 25, 1997. He also states that one is "Innocent until proven guilty," and that "I were never found guilty." (DE# 1, p. 5).

Jones does not, however, allege that Officer Monico, the sole defendant in the lawsuit, lacked probable cause to arrest him. Jones in fact indicates that the defendant Officer did have probable cause, based on information provided by the victim of the alleged crime, because as noted, <u>supra</u>, Jones states in the complaint that it was the officer and the victim who arrested him. Moreover, of course, for the state case to remain pending for

3

months as it did, a formal finding of probable cause by a neutral judicial officer had to have been made.

The Constitution does not guarantee that only the guilty will be arrested, Baker v. McCollan, 443 U.S. 137 (1979), and an arrest based either upon probable cause or valid warrant cannot subject the arresting officer to §1983 liability simply because the arrestee is later found innocent of the charges, Atkins v. Lanning, 556 F.2d 485 (10 Cir. 1977).

The gravamen of the complaint appears to be that he was allowed to remain confined for months after his arrest, and then was released when the charges in the criminal case were reduced, and then nolle prossed.

Clearly, the arresting officer had no control over the decision to prosecute Jones, and the related decisions concerning reduction or dismissal of charges. That power and authority rests with the State Attorney.[1]

---

[1] The power and authority to prosecute, and absolute discretion whether to prosecute, are vested by the Constitution exclusively in the Executive Branch. See In Re Sealed Case, 838 F.2d 476, 488 (D.C. Cir. 1988); Community for Creative Non-Violence v. Pierce, 786 F.2d 1199, 1201 (D.C. Cir. 1986). Under Florida's Constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute. State v. Barrett, 531 So.2d 338, 341-42 (Fla. 1988) (citing Art. II, @ 3, Fla. Const.; State v. Cain, 381 So.2d 1361 (Fla. 1980); and Johnson v. State, 314 So.2d 573 (Fla. 1975)). See Fla. Stat. §27.02 (duties of the State Attorney before the Court include the duty to appear in the circuit and county courts within his or her judicial circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal in which the state is a party, except as provided in Fla. Stat. §39, in cases involving juveniles).

4

With respect to the claims relating to Jones' arrest and decisions concerning the reduction and dismissal of charges against him, it is apparent that the defendant police officer, Officer Monico, is entitled to qualified immunity, which under appropriate circumstances serves to insulate governmental officials from personal liability for actions taken pursuant to their discretionary authority, Harlow v. Fitzgerald, 457 U.S. 800 (1982); Flores v. Satz, 137 F.3d 1275 (11 Cir. 1998); Foy v. Holston, 94 F.3d 1528 (11 Cir. 1996).

As to these claims, the complaint against defendant Monico is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim.

To the extent that Officer Monico is being sued in connection with his capacity as a witness, the complaint also fails. The common law provided absolute immunity from subsequent liability for damages for all persons who were integral parts of the judicial process, whether government personnel or private persons. This includes witnesses. Briscoe v. Lahue, 460 U.S. 325 (1983). Florida has not abrogated witness immunity. Cruz v. Angelides, 574 So.2d 278 (Fla. 3 Dist. 1991).

As to claims relating him as a witness, the complaint against defendant Monico who enjoys immunity as a witness, is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(iii).

It is further noted that the plaintiff has apparently abandoned this lawsuit. Records concerning Jones, which are maintained and published by the Florida Department of Corrections on the Internet indicate that Jones was released from Mayo C.I. on April 14, 2000, and that his stated address upon release was 4308 Hudson Blvd., Sebring, FL 33870. (See "Inmate Release Information Details," under the Corrections Offender Information Network, as published by the Florida DOC at http://www.dc.state.fl.us). Although instructed by Order of January 31, 2000, that failure to promptly file a notice of any change of address, Jones has failed to do so. He has filed nothing since the date of the original complaint.

It is therefore recommended that: 1) on all claims against the defendant Monico, the complaint, as supplemented, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and 1915(e)(2)(B)(iii), for failure to state a claim; and 2) the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: June 13, 2000

UNITED STATES MAGISTRATE JUDGE

cc: Jeffrey Jones, Pro Se
    4308 Hudson Blvd.
    Sebring, FL 33870

6